IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-348-FL-1
NO. 5:13-CV-240-FL

| MARY ROSE WRIGHT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (DE 95) and the government's motion to dismiss (DE 103). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny petitioner's motion to vacate and grant the government's motion to dismiss. Petitioner timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, grants the government's motion to dismiss, and denies petitioner's motion to vacate.

**BACKGROUND**

On January 8, 2010, petitioner pled guilty pursuant to a written plea agreement to conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 371; and wire fraud in violation of 18 U.S.C. § 1343. On April 2, 2012, petitioner was sentenced to a total term of imprisonment of 52 months. Petitioner appealed the conviction and sentence, but she voluntarily dismissed the appeal. On April 2, 2013, petitioner filed a timely motion to vacate under § 2255,

with attached addendum, and she later filed a second and third addendum thereto, asserting claims based upon ineffective assistance of counsel, prosecutorial misconduct, and sentencing miscalculation. The government filed a motion to dismiss on the basis that the sentencing miscalculation claims are barred by the waiver in her plea agreement, and that the other claims fail as a matter of law.

In the M&R, it is recommended that petitioner's motion be denied on the basis that petitioner asserted ineffective assistance of counsel and prosecutorial misconduct claims that are without merit. Petitioner timely filed objections to the M&R, wherein she raises new claims based upon miscalculation of her sentence, including in light of United States v. Halper, 490 U.S. 435 (1989), Carachuri v. Holder, 130 S.Ct. 2577 (2010), and Simmons v. United States, 130 S.Ct. 3455 (2010).

## DISCUSSION

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

B.   Analysis

   1. Original claims asserted

As set forth in the M&R, petitioner raises seven claims for relief in her § 2255 petition and addenda. These claims are based upon ineffective assistance of counsel at plea and upon sentencing, as well as prosecutorial error based upon sentence miscalculation and relevant conduct dates. Petitioner does not raise a specific objection to any component of the analysis in the M&R of petitioner's claims. Accordingly, the court reviews the M&R for clear error.

Upon careful review of the record and the M&R, the court adopts in full the analysis of petitioner's claim set forth in the M&R. The magistrate judge correctly determined that petitioner's claims of ineffective assistance of counsel based upon failure to explain and discuss aspects of the plea agreement fail as a matter of law. The court need not accept petitioner's allegations "that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotations omitted). Moreover, the plea proceedings in this case corrected any misinformation counsel allegedly provided petitioner regarding sentence calculation. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995).

The magistrate judge also correctly determined that petitioner's claims of ineffective assistance of counsel and prosecutorial error based upon errors in sentencing calculation fail as a matter of law. Petitioner has not demonstrated that "(1) [] counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Bell v. Evatt, 72 F.3d 421, 427 (4th Cir. 1995) (quoting Strickland v.

Washington, 466 U.S. 668, 688, 694 (1984)). Nor has she demonstrated that conduct of the prosecution was improper or that it prejudicially affected her substantial rights so as to deprive her of a fair proceeding. See United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999).

Accordingly, petitioner's claims fail as a matter of law and the government's motion to dismiss must be granted on this basis.

2. Supplemental claims asserted

Petitioner argues in her objections that her sentence was miscalculated because the criminal history points discussed at paragraphs 12-15 of her presentence report were invalid and in violation of double jeopardy, under United States v. Halper, 490 U.S. 435 (1989). She also contends that the use of prior state convictions to enhance her sentence violates Carachuri v. Holder, 130 S.Ct. 2577 (2010), and Simmons v. United States, 130 S.Ct. 3455 (2010). This argument is similar to her other claims addressed in the M&R, in the sense that petitioner contends that her guidelines sentencing range was miscalculated; however, this argument articulates new claims on the basis of miscalculation of criminal history points.

As the government asserted in its motion to dismiss, petitioner's claims on the basis of sentencing miscalculation are barred by the waiver in her plea agreement and on the basis of procedural default for failure to raise them on appeal. See United States v. Copeland, 707 F.3d 522, 525 & 529 (4th Cir. 2013) (holding that a Simmons claim based upon improper sentencing enhancement falls within the scope of a plea agreement waiving the right to contest the conviction or the sentence on appeal and in a post-conviction proceeding) (citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc)); Bousley v. United States, 523 U.S. 614, 620 (1998) (holding that by failing to challenge sentencing issue on appeal, petitioner procedurally defaulted

4

claim on that basis on habeas review). Petitioner's new claims therefore must be dismissed on the basis of waiver and procedural default.

In any event, the new claims raised by petitioner are without merit. Petitioner suggests that the court erred in awarding one criminal history point for her 2001 conviction for which she received only a sentence of probation, and that the court erred in awarding two additional criminal history points because she was on probation for that offense during the period of relevant conduct in this case. Contrary to petitioner's argument, one criminal history point properly was awarded under the United States Sentencing Guidelines, § 4A1.1(c), which provides for counting prior sentences less than sixty days, including petitioner's sentence of probation received in 2001. See U.S.S.G. § 4A1.1, comment (backg'd) (2010) (noting that § 4A1.1 covers a range of sentences including "sentences of less than sixty days, *probation*, fines, and residency in a halfway house") (emphasis added). Two criminal history points properly were awarded under § 4A1.1(d), where part of the relevant offense conduct in this case, which commenced August 2004, was committed during petitioner's term of probation, which terminated in November 2005. (Presentence report ¶¶ 9, 11).

The cases cited by petitioner are inapposite. Halper addresses imposition of a civil penalty by the government following prosecution for a criminal offense. See Halper, 490 U.S. at 437-40. In this criminal matter, the court does not have occasion to consider imposition of a civil penalty. Carachuri addressed whether a prior state conviction could qualify as a predicate for purposes of removal proceedings under 8 U.S.C. § 1229. See Carachuri, 560 U.S. at 566. Simmons addressed whether a prior state conviction could qualify as a predicate for purposes of increasing the statutory minimum term of imprisonment under 21 U.S.C. § 851. See Simmons, 649 F.3d at 239. Neither case

5

concerned application of criminal history points for determining the guidelines range for sentencing, under USSG § 4A1.1, without altering the statutory minimum term, as in this case.

Accordingly, petitioner's arguments challenging the calculation of criminal history points are without merit, and claims based thereon must be dismissed.

## CONCLUSION

Upon careful review of the record and the M&R, the court ADOPTS the M&R in full and OVERRULES petitioner's objections. The court DISMISSES petitioner's motion (DE 95), and GRANTS the government's motion (DE 103). Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The clerk is directed to close this case.

SO ORDERED, this the 8th day of October, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge